UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: <br><br> RONALD B. STONE <br><br> Debtor. | Chapter 11 <br><br> Case No. 06-33601 |
| RONALD B. STONE, <br> Debtor in Possession <br><br> Plaintiff, <br><br> v. <br><br> BRUCE D. ATHERTON <br><br> and <br><br> RANDALL SCOTT WALDMAN <br><br> and <br><br> RW, LTD. Co. <br> A Kentucky limited liability company <br><br>   Serve: Enrico A. Mazzoli <br>        Atherton & Associates, LLC <br>        455 South Fourth Street <br>        Starks Building, Suite 1450 <br>        Louisville, Kentucky 40202 <br><br> STONE MACHINE & FABRICATION, LLC <br> A Kentucky limited liability company <br><br>   Serve: Enrico A. Mazzoli <br>        Atherton & Associates, LLC <br>        455 South Fourth Street <br>        Starks Building, Suite 1450 <br>        Louisville, Kentucky 40202 <br><br> Defendants. | Adv. Proc. No. _____ |

## **VERIFIED COMPLAINT**

### I. INTRODUCTION

1. In this action, plaintiff Ronald B. Stone asserts claims against his former attorney, Bruce D. Atherton for negligence, breach of fiduciary duty and fraud. Stone also asserts a claim against Randall Scott Waldman, an associate, client, and creditor of Atherton's, for fraud. Acting in concert, Atherton and Waldman deceived and took unfair advantage of Stone by orchestrating and implementing a scheme to obtain control of Stone's business assets for hundreds of thousands of dollars less than those assets were worth. Contrary to what Atherton represented to Stone, the scheme also left Stone in a tenuous financial condition and subject to financial oppression by Waldman. Stone seeks approximately $500,000 in compensatory damages, plus punitive damages and other relief as appropriate.

### II. THE PARTIES

2. Plaintiff Ronald B. Stone is a citizen and resident of the Commonwealth of Kentucky.

3. Defendant Bruce D. Atherton is a citizen of the Commonwealth of Kentucky who practices law at 455 South Fourth Avenue, Starks Building, Suite 1450, Louisville, Kentucky 40202.

4. Defendant Randall Scott Waldman is a citizen of the Commonwealth of Kentucky who resides at 18719 Weatherford Circle, Louisville, Kentucky 40245-6225.

5. Defendants RW, LTD. CO. and is a Kentucky limited liability company controlled by Waldman, but having its principal office at 455 South Fourth Avenue,

Starks Building, Suite 1450, Louisville, Kentucky 40202, the same address as Atherton's law practice.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

7. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

8. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

## III. THE CONTROVERSEY

9. In June 2004, Stone was the owner of 100% of the common stock of Stone Tool & Machine, Inc., a Kentucky corporation engaged in a tool and machine fabrication business conducted at real property located in the Bluegrass Research and Industrial Park in Jefferson County, Kentucky ("STM").

10. On June 2, 2004, Fifth Third Bank filed suit in Jefferson Circuit Court seeking joint and several judgments against STM and Stone on a Revolving Note in the principal amount of $240,000 dated August 15, 2003; a Term Note in the principal amount of $686,773 also dated August 15, 2003; a Mortgage on STM property, a security interest in STM assets; Term Notes of Stone for principal amounts of $8,900 and $60,000 dated August 15, 2003 and 2004, respectively; and Stone's continuing guaranty dated August 15, 2003 (the "State Court Action").

11. Stone engaged Atherton to act as legal counsel for him and STM in the State Court Action.

12. On June 9, 2004 Stone signed a document prepared by Atherton and styled "Authorization to Obtain Financing" by Mid America Capital and Financial Group, Ltd.,

a company Atherton formed. The document purports to be a waiver of Atherton's conflict of interest related to the limited subject matters set forth therein.

13.     On August 12, 2004, Atherton filed a Chapter 11 case in this Court on behalf of STM. On August 30, 2004, this Court dismissed that case for failure Atherton's failure to meet certain deadlines. On September 1, 2004, Atherton moved to reinstate STM Chapter 11 case, which this Court did on September 22, 2004.

14.     On October 11, 2004, without objection by Atherton on behalf of Stone, the Jefferson Circuit Court granted partial summary judgment against Stone for an aggregate total of $1,052.781.80 in the State Court Action, and on October 25, 2004, Fifth Third Bank filed a Notice of Judgment Lien on Stone's residential property.

15.     On November 3, 2004, this Court terminated the automatic stay of the State Court Action as to STM, and on November 9, 2004 Fifth Third Bank moved for Summary Judgment against STM for $998,782.13 in the State Court Action.

16.     On November 29, 2004, Stone signed an application to employ Atherton as counsel for STM in the Chapter 11 case in this Court, stating that Atherton represented no interests adverse to STM. Atherton filed an affidavit to same effect.

17.     On December 29, 2004, the Jefferson Circuit Court granted Summary Judgment for Fifth Third Bank against STM for $998,782.13 in the State Court Action.

18.     On March 30, 2005, Atherton prepared or participated in the preparation of, and Stone signed, a letter to the receiver the Jefferson Circuit Court had appointed for STM which proposed that Waldman would buy STM's assets for $750,000 and acquire both Fifth Third Bank's second mortgage on Stone's home and Fifth Third Bank's Judgments against Stone for $150,000. The receiver did not accept this proposal.

19. To induce Stone into consenting to transactions pursuant to which Waldman and/or an entity or entities he controlled, would pay $900,000 to Fifth Third Bank and step into its shoes vis-à-vis Stone and STM by virtue of assignments, Atherton and Waldman represented to Stone that Waldman and/or his entity or entities would:

A. Discharge and release of the Notice of Judgment Lien on Stone's property that was filed by Fifth Third Bank and is of record in Jefferson County Lien Book 795 Page 572 for the Judgment against Stone that was assigned to Waldman and SMF;

B. Discharge and release the Judgment against Stone that was assigned to Waldman and SMF; discharge and release the Open-Ended Mortgage dated May 8, 2000 by Stone and his wife in favor of Fifth Third Bank and is of record in Jefferson County Mortgage Book 5500 Page 275 that was assigned to Waldman and SMF;

C. Satisfy a September 8, 2006 Judgment of MBNA Bank, N.A. against Mr. Stone and the release of the Notice of Judgment Lien and is of record in Jefferson County Lien Book 907 Page 375; satisfy a Federal Tax Lien against Mr. Stone (Jefferson County Lien Book 816 Page 123); and

D. Provide Stone a job and a 40% interest in the Waldman-controlled entity using the assets and property of STM.

20. On April 8, 2005, Atherton or an attorney acting at his direction organized Stone Tool & Fabrication, LLC, a Kentucky limited liability company, for Waldman. On April 29, 2005, Atherton changed the name of this company to Stone Machine & Fabrication, LLC ("SMF"). Atherton says he created this company for the purpose of acquiring the assets of STM. Atherton and identified himself as SMF's sole member and manager.

21. Also on April 8, 2005, Atherton or an attorney acting at his direction organized RW, Ltd. Co., also a Kentucky limited liability company of which Waldman was the manager ("RW").

22. On April 18, 2005, Fifth Third Bank and Waldman entered into a Sale of Loans Agreement pursuant to which Waldman, by and through RW and SMF, acquired Fifth Third Bank's interests in all obligations of Stone and STM. The Sale of Loans Agreement was amended on May 10, 2005.

23. On May 20, 2005, Stone signed a Quitclaim Deed of certain Bluegrass Research & Industrial Park property from STM to RW.

24. On May 23, 2005, Fifth Third Bank assigned all its Stone and STM notes, security documents, and judgments to RW and SMF.

25. Atherton simultaneously represented Fifth Third Bank, SMF, Stone, and Waldman in the closing of these transactions and did so without adequate disclosure and consent from the affected parties. At the closing, plaintiff attempted to read the documents, but was assured by Atherton and Waldman, acting in concert, that the documents contained all the understandings set forth above. Relying on this assurance, plaintiff did not read the documents but did sign them. Contrary to plaintiff's understanding, the closing documents did not contain terms that Atherton and Waldman, acting in concert, had represented to plaintiff.

26. On May 27, 2005, Atherton moved to dismiss the STM Chapter 11 case in this Court stating that no assets remained in the estate.

27. On June 1, 2005, Atherton moved in the State Court Action on behalf of Waldman and SMF to change caption of case to reflect the assignments by Fifth Third Bank to RW and SMF.

28. On June 7, 2005, this Court dismissed the STM Chapter 11 case.

29. On September 06, 2005, the Jefferson Circuit Court Commissioner conducted a judicial sale of STM's property, which RW and SMF purchased by means of a "credit bid" of $650,000, the value of the assigned Fifth Third Bank judgment against STM.

30. On January 25, 2006, Atherton sent STM a $3,919 bill re: "Chapter 11," sent Stone a $8,682 bill re: "Bankruptcy," and sent Stone another $1,831 bill re: "General" showing work through 9-26-05.

31. On June 22, 2006, Atherton, acting for Waldman, RW, and SMF, moved in the State Court Action to confirm the judicial sale.

32. On June 27, 2006, a Commissioner's Deed issued from the Jefferson Circuit Court Commissioner conveying the STM property to RW.

33. Atherton and Waldman, who acted in concert in relation to the transactions described above, have not done what they represented to Stone that they would do, and have instead executed a plan or scheme by which Waldman and entities under his control acquired the assets of STM for much less than they were worth, thereby depriving Stone of the fair value of his not less than approximately $500,000 to $700,000 equity ownership interest in STM in the process.

34. On December 8, 2006, Waldman and SMF filed and served wage and non-wage garnishments against Stone reflecting an "amount due" of $1,152,022.13 based on

the Fifth Third Bank partial summary judgment entered October 11, 2004, and later assigned to RW and SMF.

## IV. CAUSES OF ACTION

### Count One
### Negligence – Atherton

35. Based on the averments set forth above, defendant Atherton breached a duty he owed to plaintiff to exercise reasonable care in providing legal services and thereby caused damage to plaintiff.

36. Atherton is therefore liable to plaintiff for negligence.

### Count Two
### Breach of Fiduciary Duty -Atherton

37. Based on the averments set forth above, plaintiff reposed trust and confidence in Atherton who therefore had a duty of utmost good faith, trust, confidence, and candor to plaintiff.

38. Atherton breached his duty to plaintiff described in the preceding paragraph and thereby caused damage to plaintiff.

39. Atherton is therefore liable to plaintiff for negligence.

### Count Three
### Fraud
### Atherton, Waldman, RW, and SMF

40. Based on the averments set forth above, Atherton, Waldman, RW, and SMF acting in concert with each other and as part of a common plan or scheme, made representations of material fact to plaintiff. Atherton, Waldman, RW, and SMF knew these representations were false, but made them with the intention that plaintiff rely on

them, which plaintiff reasonably did. Atherton and Waldman thereby caused damage to plaintiff.

41.   Atherton, Waldman, RW, and SMF are therefore liable to plaintiff for fraud.

### Count Four
### Breach of Contract – Specific Performance
### Waldman, RW, and SMF

42.   Based on the averments set forth above, Waldman, RW, and SMF acting in concert with each other and as part of a common plan or scheme have breached their oral contract(s) with plaintiff and thereby caused damage to plaintiff.

41.   Waldman, RW, and SMF are therefore liable to plaintiff, who is entitled to a judgment of specific performance requiring them to:

A.   Discharge and release of the Notice of Judgment Lien on Stone's property that was filed by Fifth Third Bank and is of record in Jefferson County Lien Book 795 Page 572 for the Judgment against Stone that was assigned to Waldman and SMF;

B.   Discharge and release the Judgment against Stone that was assigned to Waldman and SMF; discharge and release the Open-Ended Mortgage dated May 8, 2000 by Stone and his wife in favor of Fifth Third Bank and is of record in Jefferson County Mortgage Book 5500 Page 275 that was assigned to Waldman and SMF;

C.   Satisfy a September 8, 2006 Judgment of MBNA Bank, N.A. against Mr. Stone and the release of the Notice of Judgment Lien and is of record in Jefferson County Lien Book 907 Page 375; satisfy a Federal Tax Lien against Mr. Stone (Jefferson County Lien Book 816 Page 123); and

D.   Provide Stone a job and a 40% interest in the Waldman-controlled entity using the assets and property of STM.

## V. DEMAND FOR RELIEF

Plaintiff therefore demands:

A.   Judgment, jointly and severally, against the defendants;

B.   Compensatory damages;

C.   Pre- and post-judgment interest;

D.   Punitive damages;

E.   Specific performance as set forth above;

F.   Imposition of a constructive trust on the assets of defendants;

G.   Their costs, including reasonable attorney fees;

H.   All other legal or equitable relief to which he may be entitled.

## VI. VERIFICATION

The factual alleged in this Complaint are true and correct to the best of my knowledge and belief.

*/s/ Ronald B. Stone*
Ronald B. Stone
Date: 12/7/07

FULTZ MADDOX HOVIOUS & DICKENS PLC

<u>/s/ Chacey R. Ford</u>
R. Gregg Hovious
John David Dyche
Chacey R. Ford
2700 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202-3116
(502) 588-2000
(502) 588-2020 (facsimile)

and

Wm. Stephen Reisz
Suite 2450, 500 W. Jefferson
Louisville, KY 40202
(502) 569-7550
Co-Counsel for Ronald B. Stone